The action standing continued nisi for advisement, the opinion of the Court was delivered at the following March term, in Suffolk, to the following effect, by
Parsons, C. J.
This action is entry sur disseisin, in which are demanded a messuage and eighteen acres of land in Harvard *103 The demandants have counted upon their own seisin, and on a disseisin by the tenant, who pleaded the general issue nul disseisin; and on the trial of the issue, the judge rejected an execution of a judgment recovered by the demandants against William, Stearns and Solomon Stearns, which was offered in evidence to prove the demandant’s seisin, and ordered a nonsuit to be entered, subject to the opinion of the whole Court, without stating on what ground the evidence was rejected; but referring to the original attachment, the judgnient, and the return of the execution, as a part of his report.
The tenant has urged a variety of objections to taking off the nonsuit.— The first objection is, that although the lands, on which the execution was levied, were attached upon the original writ, yet the levy was not made within thirty days after judgment; and it is therefore void as to any bona fide conveyance, made by the debtor after the attachment and before the levy.
The judgment was rendered at a Court of Common Pleas * holden on the thirtieth day of November, 1807, and which adjourned without day on the tenth of December following. The defendant appeared by attorney, but was defaulted on the second day of December; and the levy was made on the eighth day of January, 1808. If the judgment be considered as entered on the first day of the term, or on the day when the defendant made default, the thirty days had expired before the levy; otherwise if the judgment be taken as entered on the last day of the term. — A judgment may be entered on motion during the term, in which case the time of entering it is minuted; but when no day is minuted when judgment is entered, by the ancient usage of this Court, and also of the Common Pleas, judgment is entered on the last day of the term, against the presumption of the common law. Formerly, on the last day of each term, an order was passed to enter judgment, where the party was entitled to judgment, and to continue all actions undetermined. But of late years this order has become a standing rule and practice of the Court.
As the levy was withir thirty days of the last day of the term, this objection cannot prevail, although a conveyance after the attachment, and before the levy, had been made. But as no such conveyance appears from the judge’s report, the levy ought to have been admitted in evidence, as being good against the debtors, and those holding under them by a conveyance after the levy, in the same manner as if no previous attachment had been made.
The second objection is, that it does not appear from the levy, that the creditors elected to extend their execution on the lands of *104 the debtors. —This objection is not founded on fact; the creditors’ attorney having chosen one of the appraisers, and having received seisin from the sheriff. — Under this objection it was also said, that it does not appear that the lands levied on were shown to the officer or appraisers, or seisin received by any person duly authorized by the creditors. — But the sheriff certifies that Mr. Heald acted as their attorney ; and the claim of the creditors * to the land by virtue of the levy is a ratification of his acts as their attorney, if there had been no precedent authority given. Also the sheriff returns expressly, that he was their attorney; and there is no attempt to falsify the return.
Another objection is, that it does not appear that the lands were taken for want of personal estate of the debtors; and this objection is fortified by the return on the original writ of the attachment of personal estate of considerable value. — But, although there may have been sufficient personal property attached, which might have been seised on the execution ; yet the creditor may unquestionably elect to waive his attachment, and to levy on the lands of the debtor. He may doubt the debtor’s title to his goods, and may not incline to indemnify the officer, or to expose himself to a subsequent lawsuit. And the debtor ought not to complain of his own neglect to pay his just debt. Besides, the extent upon his lands will, ipso facto, discharge the attachment of his goods, so that he may at his own convenience raise the money by the sale of them, pay his debt, and take back his land. — This objection therefore is disallowed.
Another objection is, that the sheriff did not deliver seisin of the lands extended upon by metes and bounds. — This objection is not founded on fact. The land is described by courses and distances, the angular points being each distinguished by a stake and stones, or by reference to other boundaries.
The last objection made is, that it does not appear from the re turn, which of the debtors owned the land levied on. — As to a stranger, as the tenant in the present action appears to be, it is immaterial which of the debtors, or whether both of them, were seised of the land. An appraiser was appointed by William Stearns, one of the debtors. If both the debtors were seised of the land, an appointment of an appraiser by one of them was sufficient. If the debtors agreed in their appointment, then this appraiser was * appointed by both; if they disagreed, then the sheriff must have appointed ; and he might appoint a man chosen by either of the debtors. If William was the sole owner, then the choice of an appraiser was right, and Solomon, the other debtor, had no right to interfere. If the tenant in this action, on a *105 trial of the issue, should not prove to be a stranger, but should derive his title from Solomon, as having been sole seised, he will not be bound by the levy ; and the seisin acquired by the demand-ants will be wrongful, and they cannot recover against him. But if his title be derived from William and Solomon, as seised together, or from William alone, he will be bound by the levy, and must fail, unless his title accrued before the attachment.
It is the opinion of the Court, that the nonsuit be set aside, and a new trial be granted.